Filed 1/8/26  P. v. Todd CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH TODD,<br><br>Defendant and Appellant. | F088741<br><br>(Super. Ct. No. MI003718-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Stephanie Renee Childers Stewart, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Meehan, J.

Appointed counsel for appellant, Joseph Todd, asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the relevant facts of this case.

Appellant was advised of the right to file a supplemental brief within 30 days. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In June 2024, the People filed a petition for commitment of a person with a developmental disability under Welfare and Institutions Code section 6500. The petition alleged appellant is a developmentally disabled person who was dangerous to themselves or others, that the disability was a substantial factor in causing them to have serious difficulties in controlling their dangerous behavior, and that there were no suitable alternatives to judicial commitment. The declaration to the petition noted appellant was previously committed and had resided in his current facility since at least 2008.

At the People's request, August 20, 2024, to August 22, 2024, the trial court held a jury trial on the petition. Appellant and Dr. Michael Musacco were called by the People to provide substantive testimony. In motions in limine rulings, the trial court allowed entry of appellant's mental health records and certain unsealed portions of his criminal record. Appellant was represented by counsel during these proceedings.

Appellant testified he had lived at the Porterville Developmental Center until 2008, when he moved into his current facility, and described his daily routine and medicines. Appellant admitted to having an intellectual disability, described its effect on

him, and acknowledged he had been accused of pedophilia when he was younger.[1] Appellant further acknowledged he has engaged in self-harm, made suicidal statements, and struck both metal objects and people when frustrated. Appellant denied having any interest in young children but admitted he was told by staff to stop looking at them, an act he engaged in because he had "plans I want to do when I get off—get off and get out of this group home and start my life over again."

Dr. Musacco testified regarding his evaluation of appellant. Dr. Musacco noted he had previously evaluated appellant approximately 17 times and had reviewed appellant's records and spoken with appellant as part of his evaluation. Dr. Musacco opined that appellant has an intellectual disability that is a chronic and life-long disorder. He also opined appellant had a depressive mood disorder and a pedophilic disorder. Dr. Musacco then discussed issues appellant has had with completing tasks, certain incidents relating to his depression and self-harm, and certain events and admissions relating to his pedophiliac condition. Dr. Musacco noted that within the year before his testimony, appellant had nine incidents of self-injurious behaviors, 43 incidents of disruptive social behavior, and denied any incidents of sexual attraction to children. Based on his analysis, Dr. Musacco opined appellant remained a risk to harm himself and others because of his developmental disability.

The jury returned a true finding on the petition's allegation that appellant is a person with a developmental disability. Following the true finding, the trial court entered an order for extended commitment. The trial court found beyond a reasonable doubt that appellant is a developmentally disabled person who was a danger to themselves or others and that their disability was a substantial factor in causing them to have serious difficulty in controlling their dangerous behavior. Based on this, the trial court found that the least restrictive alternative placement for appellant was in a specialized residential facility and

---

[1]     This interaction resulted in a motion for a mistrial that was denied by the trial court.

ordered that appellant remain at the facility he was currently residing in. The order expired by its own terms on August 22, 2025.

This appeal timely followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## **DISPOSITION**

The judgment is affirmed.